## Case No. 9,475.

### The MERRIMAC.

[Blatchf. Pr. Cas. 563.] [1]

District Court, S. D. New York.   Oct., 1863.

PRIZE—VIOLATION OF BLOCKADE—ENEMY PROPERTY.

Vessel and cargo condemned as enemy property, and for a violation of the blockade.

In admiralty.

---

## Case No. 9,476.

### The MERRIMAC.

[Blatchf. Pr. Cas. 584; [1] 6 Leg. & Ins. Rep. 59.]

District Court, S. D. New York.   Jan., 1864.

PRIZE—ARMED VESSEL ASSISTING—TO WHOM PRIZE BELONGS—DISTRIBUTION.

1. The proceeds of property captured as prize of war belong exclusively to the government, and can be distributed or allotted only according to direct and positive authority of law.

2. Under the acts of March 25, 1862, and July 17, 1862 (12 Stat. 375, § 4, and Id. 607, § 6), an armed merchant vessel, not in the service of, and having no commission from, the United States, although she is present at the capture of a prize and co-operates therein, is not entitled to share in the proceeds.

In admiralty.

BETTS, District Judge. The Merrimac was captured at sea by the United States vessel of war Iroquois, and was condemned in this court as lawful prize. [Case No. 9,475.] The merchant steamer Eagle interfered actively, and probably serviceably, in intercepting and delaying the prize in her endeavor to evade a blockade port of the enemy, and escape from the Iroquois while in chase of her. On the reference to the prize commissioners, under the decree of condemnation, to report the proper distribution of the prize proceeds among the capturing vessels, the master of the steamer Eagle interposed a claim on her behalf that she should be decreed entitled to share, as one of the captors, in that distribution, but stated that his ship had no commission from the government. That application was opposed on the part of the Iroquois, on the ground that the Iroquois was the only public ship of the United States present or within signal distance at the time

---

of the capture, and the prize commissioners so reported the fact to be; and furthermore reported, that the capture was made by the Iroquois, and that the armed merchant steamer Eagle was present at the capture, and co-operated therein.

Under the laws of the United States, the proceeds of property captured as prize of war belong exclusively to the government, and can be distributed or allotted only according to direct and positive authority of law. Act March 25, 1862 (12 Stat. 375, § 4); Act July 17, 1862 (12 Stat. 607, § 6). The statute law names the public ships and armed vessels in the service of the United States as exclusively entitled to share in the distribution of prize money. The power of the courts under our laws is, accordingly, limited to that special method of allowance. It is the fundamental doctrine of all governments that the title to prize property vests in the nation, although the modes of exercising or enjoying that dominion may be widely various. The Elsebe, 5 C. Rob. Adm. 173.

The rule as to sharing in prize captures is of broader range under the English law than under the American. The prize is there regarded as belonging, in a larger sense, to the admiralty or to the crown, as representing the right of the admiralty, and the distribution of its proceeds, as subject to the instructions of the admiralty or the crown, and as not depending entirely on statutory enactments. The numerous cases in the English courts, cited and commented on by the counsel for the Eagle, on the hearing, are all within that general principle. Accordingly, whatever may be the intrinsic importance of the service rendered by the Eagle in this capture, or the gallantry or hazard accompanying its performance, the court is not empowered to consider any other question than the legal right of the vessel to demand a compensation to herself out of the prize fund.

It is clear that right is not given by any statute or other authoritative public grant. It must, therefore, be denied by the court. Decree accordingly.

[The case came again before the court on the question of costs taxable to prize commissioners. Case No. 9,477.]